This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40008**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

      Petitioner-Appellee,

v.

**IVY H.,**

      Respondent,

and

**SPIRIT G.,**

      Respondent-Appellant,

**IN THE MATTER OF IRIS G. and
SCARLETT G.,**

      Children.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Bradford J. Dalley, District Judge**

Children, Youth and Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

The Law Office of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

Richard J. Austin
Eugene, OR

Guardian Ad Litem

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     Respondent-Appellant Spirit G. (Father) appealed following an adjudication of neglect. We issued a notice of proposed summary disposition in which we proposed to affirm. Father has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}**     We previously set forth the relevant background information and principles in the notice of proposed summary disposition. [CN 2-6] Rather than reiterating, we will focus on the content of the memorandum in opposition.

**{1}**     Father continues to challenge the sufficiency of the evidence to support the district court's decision. [MIO 2, 6] To that end, he disputes the weight of much of the evidence that was presented in support of the adjudication, and suggests that different inferences should have been drawn. [MIO 7-13] However, this is largely at odds with our standard of review. *See State ex rel. Child., Youth & Fams. Dep't v. Amanda H.*, 2007-NMCA-029, ¶ 19, 141 N.M. 299, 154 P.3d 674 ("We employ a narrow standard of review and do not re[]weigh the evidence. Rather, we review to determine whether, viewing the evidence in the light most favorable to the prevailing party, the fact[-]finder could properly determine that the clear and convincing evidence standard was met." (citation omitted)). We more specifically address the disputed evidentiary matters as follows.

**{3}**     First, Father attempts to minimize the significance of his attitude relative to the allegations of sexual abuse. [MIO 7-8] Although Father attributes the allegations to "a third party apparently had an ax[e] to grind," [MIO 7] the district court may reasonably have regarded his apparent indifference to such a serious matter as a worrisome indication that Father lacks due concern for Children's welfare. *See generally State ex rel. Child., Youth & Famd. Dep't v. Carl C.*, 2012-NMCA-065, ¶ 14, 281 P.3d 1242. ("We have long held that all parents have a duty to protect their children from harm."). In any event, insofar as this did not contribute to the adjudication, [MIO 7] it is essentially immaterial for the present purposes. *See generally State ex rel. Child., Youth & Fams. Dep't v. Amanda M.*, 2006-NMCA-133, ¶ 31, 140 N.M. 578, 144 P.3d 137 (observing parenthetically that a finding that is not necessary to support the trial court's judgment may be disregarded).

**{4}**     Next, Father suggests that the district court erred in taking into consideration his "historical" substance abuse issues, on the theory that the information was not

sufficiently current. [MIO 8-9] Succinctly stated, we disagree. *See State ex rel. Child., Youth and Fams. Dep't v. Cosme V.*, 2009-NMCA-094, ¶ 39, 146 N.M. 809, 215 P.3d 747 (observing that there is no authority for application of the stale-evidence rationale in relation to neglect determinations, and nothing indicates that Children, Youth & Families (the Department) cannot rely on "old" evidence). In addition to the Department's observations, [MIO 8] the record reflects that Father admitted that he has had issues with methamphetamine use. [RP 255] His professed inability to remember when he stopped using methamphetamine, as well as his refusal to participate in drug testing, his overall lack of credibility, and the irrationality and dysfunction that characterize his behavior and lifestyle, all suggest an ongoing substance abuse problem. [MIO 5; RP 255] *Cf. State v. Sanchez*, 2001-NMCA-109, ¶ 9, 131 N.M. 355, 36 P.3d 446 (holding that refusal to consent to testing may support an inference of consciousness of guilt). And contrary to Father's suggestion, this is not a case in which "unfavorable status" or "lifestyle alone" were at issue. [MIO 9] In addition to other compelling evidence of neglect, it is notable that Children tested positive for both THC and methamphetamine. [MIO 3] In light of all of the evidence, the district court was at liberty to infer that Father's faults and habits, including his substance abuse issues, contributed causally to the neglect. [RP 257] *See generally State ex rel. Child., Youth & Fams. Dep't v. Shawna C.*, 2005-NMCA-066, ¶ 30, 137 N.M. 687, 114 P.3d 367 (acknowledging that unfavorable status such as addiction "may well lead to neglect or abuse").

**{5}** We are similarly unpersuaded by Father's assertion that the evidence of lack of housing conflicted to such an extent that it should have been rejected. [MIO 10-11] As the district court's uncommonly detailed findings reflect, testimony was presented indicating that Father's housing situation was chronically unstable, [RP 250, 252] and that he had been living out of a van. [RP 249] Ultimately, the district court was at liberty to credit that evidence. *See generally In re R.W.*, 1989-NMCA-008, ¶ 7, 108 N.M. 332, 772 P.2d 366 (observing that "it is for the finder of fact, and not for reviewing courts, to weigh conflicting evidence and decide where the truth lies").

**{6}** We are also unpersuaded by Father's suggestion that the evidence of his delusional tendencies and toxic relationship with Mother lacked relevance. [MIO 11] The district court could reasonably have inferred that these circumstances fueled the dysfunction that characterized the family's situation, and causally contributed to the neglect of Children. *See generally In re Guardianship of Ashleigh R.*, 2002-NMCA-103, ¶ 21, 132 N.M. 772, 55 P.3d 984 ("Evidence of past domestic violence can be relevant in an action for neglect when the abused parent fails to recognize the harm the violence causes the children or refuses to get help in ending the situation.").

**{7}** Finally, Father contends that the evidence was insufficient to establish medical neglect. [MIO 11-13] To that end, he attempts to minimize the situation by focusing on less significant concerns such as the flea bites, overgrown nails, dirtiness, and diaper rashes with which Children presented. [MIO 12] However, the evidence also established that Children had not seen a doctor since they were two weeks old, [MIO 12] one of the Children had an infection and an issue with one of her eyes, [MIO 3], and both Children malnourished and uncommunicative. [MIO 3, 11; RP 251] These are gravely concerning

conditions, and Father's dismissive attitude and his refusal to cooperate in order to facilitate treatment [MIO 4, 12] clearly constituted medical neglect. *See* NMSA 1978, § 32A-4-2(G)(2) (2018) (defining child neglect to include the absence of medical care necessary for the child's well-being, because of failure or refusal of the parent to provide it). *See generally Cosme V.*, 2009-NMCA-094, ¶ 34 (explaining that "parents cannot demand parental rights without pro[]actively fulfilling their obligations as parents to care for their children"). Father's subsequent "offer[]" to obtain medical care for the Children [MIO 12] does not require a different result, particularly in light of his lack of credibility and his demonstrated indifference to Children's needs.

{8}     In summary, we conclude that the evidence amply supported the adjudication of neglect. Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

{9}     **IT IS SO ORDERED**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**